GEORGE REIS v. VALENTINE REIS and Another.[1]

December 7, 1906.

Nos. 14,965—(69).

**Dissolution of Partnership.**

In connection with proceedings to dissolve a partnership, each partner is entitled to an account of all firm transactions. An adjustment of the accounts is a necessary condition precedent to a determination of the rights of the parties under the partnership agreement.

**Right to Accounting.**

There are exceptional cases in which no order for an accounting is. proper, as where the parties have agreed on a'settlement, or as where the court finding the facts and granting relief has had before it all or sufficient evidence pertaining to the accounts so that its findings operate as an accounting.

**Same.**

That, under particular circumstances, it may be difficult to make a true accounting, or that the only statement possible will at best approximate correctness, is no reason for refusing the redress of accounting.

**Same.**

It is *held* that in this case an accounting was necessary notwithstanding its obvious difficulties.

Appeal by plaintiff from an order of the district court for Scott county, Morrison, J., denying a motion for a new trial. Reversed.

*W. C. & W. F. Odell,* for appellant.

*James McHale* and *E. Southworth,* for respondents.

[1]Reported in 109 N. W. 997.

JAGGARD, J.

The facts as originally found by the trial court in this case are as follows: Defendant and respondent had agreed with the plaintiff and appellant that they should jointly operate a livery stable and equipment, together with a farm, its stock, and appliances; that out of the profits they would pay off the sum of $10,000 which the defendant still owed his former partner as the purchase price of one-half of the aforesaid property; that, when such sum and the indebtedness of the general business were paid, the defendant should convey to the plaintiff an undivided one-half of the livery stable property, real and personal; and that each agreed to devote his time and best efforts to the conduct of the business. The partnership continued for more than six years, during which time the indebtedness of $10,000 was reduced to $2,835, which sum, together with $300 additional, constituted all the outstanding debts involved in the transactions. The defendant wrongfully took possession of all the business and property and excluded the plaintiff from control and possession. There was no accumulation of property by the partners, nor was any new property acquired other than to replace such as was worn out or disposed of in said business. The value of the livery stable and property pertaining thereto and used therewith, including the lot and the business, was $4,500.

As conclusions of law the court decreed a dissolution of the partnership and awarded to the plaintiff damages in the sum of $682.50, with interest from the date of his exclusion from the business. The theory of this award was "that by such exclusion from said property and business the plaintiff has been damaged to the extent of one-half the difference between the value of said livery property and business and the amount remaining of the debts which were to be paid by their joint efforts and use of said property before the one-half interest in said livery property was to be conveyed to him, and the said debts contracted by the parties in said business, which said firm debts had been mostly or wholly paid by defendant Valentine at the time of the trial hereof, and the balance, if any, assumed by him." The court also provided for the payment of the $300 of firm debts or for filing by the defendant of satisfactory security to hold the plaintiff harmless from such debts.

Plaintiff moved for various corrections and for material substitutions of findings of fact, and also for the settlement and adjustment of accounts, for the appointment of a receiver of the assets and property of the partnership and for other appropriate consequent relief. The trial court refused substantially all the relief thus sought, although it found expressly that plaintiff and defendant were partners in the operation of the livery stable business only. It refused to grant a new trial. This appeal was taken from that order. No cross-appeal was taken.

That a partnership as to the livery business existed, follows from the unassailed finding of fact to that effect. Evidently the trial court regarded this as a case in which the profits shared by both partners were to be accumulated until the period was reached when the original debt had been paid, and that then the profits were to be distributed in accordance with the previous agreement. The preliminary question presented by this record is whether or not the relief granted and refused was proper.

The conclusion of law dissolving the partnership was unquestionably correct. Even if the partnership had been dissolved before the action was brought, the plaintiff was entitled to a declaration to that effect. George, Part. p. 333.

The refusal of an accounting was, however, error. In connection with a decree of dissolution, under ordinary circumstances, each partner is entitled to an accounting of all firm transactions; an adjustment of the accounts is a necessary condition precedent to a determination of the rights of the parties under the partnership agreement. 38 Cent. Dig. Title, Partnership, § 679 et seq., col. 1595 et seq. "An action for an account may be maintained by partners," says Mr. Lindley, "although the partnership accounts are not complicated, and although an action for damages may be sustainable; * * * moreover, although formerly the court of chancery would not entertain a suit for damages merely, although the suit was in form a suit for an account, yet, in a partnership suit involving a general account, claims were adjusted which in ordinary cases would have formed the subject of an action at law, and it is apprehended that now the court will, in taking such an account, deal with every claim which it might be necessary to investigate in order to adjust and finally settle the ac-

count." Lindley, Part. (7th Eng. Ed.) 534. Even upon defendant's theory that no partnership, but only an employment was shown, plaintiff was entitled to an accounting. "An agreement to pay out of profits confers a right to an account, and servants entitled to a share of profits can maintain an action for an account of them." Lindley, Part. 535.

There are exceptional cases in which no order for an accounting is proper, as where the parties have agreed upon a settlement, or as where the court finding the facts and granting relief has had before it all or sufficient evidence pertaining to the accounts so that its findings operate as an accounting. The present, however, is not such an exceptional case. If the judge thought that there was no adequate reason, in this instance, for an accounting, he was mistaken. The transactions of the farm and livery stable were many, extended over a period of more than six years and were confused to an unusual degree. It does not affirmatively appear that they were exhaustively considered by the evidence. Some books of account were introduced but they did not purport to be a record of all the transactions nor for the whole period. Neither the receipts nor the disbursements of the firm were set forth in the testimony with such certainty as to make possible any accurate determination of the earnings of the partnership, of the amounts drawn out by the individual members for their own benefit or of the profits of the partnership. It is true that many and considerable difficulties in making a true statement are apparent. It may be that such a statement cannot be made accurately or completely, and that only an approximation to correctness is possible, but that is no reason for refusing this redress. 2 Bates, Part. § 909.

We conclude that the plaintiff was entitled to have the firm accounts adjusted and settled as a necessary condition precedent to the determination of the relief to which he would be entitled.

In view of this conclusion and of a consequent new trial, it would be improper to here express any opinion as to other points in controversy. For example, we are not prepared to hold in advance of the final determination of the facts what relief equity will grant the plaintiff. The appointment of a receiver is not an inevitable consequence of a dissolution by a judicial decree. Moies v. O'Neill, 23 N. J. Eq. 207; Parkhurst v. Muir, 7 N. J. Eq. 307, 555. Thus it has been

held that ordinarily, unless cause is shown why the business should be taken out of the hands of a partner, he will be allowed to wind up the business because of his experience and of the saving in expense to the firm, especially when such partner has advanced the capital of the business. Cox v. Peters, 13 N. J. Eq. 39, and see Parsons, Part. § 221 (4th Ed.). It is for the trial court in the first instance to determine whether or not there is any property to put into the hands of a receiver and any occasion for his appointment, or whether the plaintiff is entitled to damages only, and in that case to afford full opportunity as to the hearing as to the appropriate measure of damages, for proving their extent, and for trying that proof before the proper tribunal. This court will not anticipate its conclusions.

Order reversed.