HUTCHINSON v. MURRAY. (No. 333.)

(Court of Civil Appeals of Texas. El Paso. June 11, 1914. Rehearing Denied Oct. 5, 1914.)

1. PARTNERSHIP (§ 107*) — TERMINATION OF FIRM—ACTION BETWEEN PARTNERS.

Where a partnership had been terminated, and the partnership profits had been divided, and such items as were not collected had been abandoned, with no hope of collection, one of the partners was entitled to maintain an action at law against his copartner for the settlement of a claim growing out of a single transaction during the existence of the partnership, which had not been settled.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 164–166, 170, 173; Dec. Dig. § 107.*]

2. APPEAL AND ERROR (§ 1001*)—FINDINGS —REVIEW.

A jury's finding on an issue of fact, based on sufficient evidence, cannot be questioned on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

3. PARTNERSHIP (§ 111*) — DISSOLUTION — PROFITS—DEFENSES—ILLEGAL PARTNERSHIP AGREEMENT.

Where plaintiff brought suit in Texas to recover one-half of the moneys received by defendant, his partner, as the proceeds of a sale of a one-tenth interest in a corporation organized in Ohio to operate certain mines in Mexico, the action was not to enforce any of the active provisions of the contract of partnership, but merely to compel a division of profits made and in defendant's hands, as to which it was no defense that the partnership contract was illegal and unenforceable under the laws of Mexico.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 174; Dec. Dig. § 111.*]

Appeal from District Court, El Paso County; M. Nagle, Judge.

Action by M. D. Murray against R. B. Hutchinson. Judgment for plaintiff, and defendant appeals. Affirmed.

Wallace & Gardner and T. A. Falvey, all of El Paso, for appellant. W. M. Peticolas, of El Paso, for appellee.

HARPER, C. J. This suit was instituted by appellee against appellant for the recovery of $20,000, being one-half of the sum for which Hutchinson sold, in the United States, a tenth interest in an Ohio corporation, alleging: That about January, 1907, in Chihuahua, Mexico, Hutchinson represented to Murray that he had an agreement with Corrigan, McKinney & Co., a firm of Cleveland, Ohio, by which they had agreed to capitalize anything in the way of mines that he might find near a railroad and would give him a one-tenth interest therein, and that if he (Murray) would use his efforts to find such mines, he (Hutchinson) would divide said one-tenth interest with him. That Murray accepted said offer, and immediately thereafter, when they reached El Paso, said agreement between them was there reiterated and repeated. That plaintiff acted upon said agreement and looked for mines, and about May, 1907, discovered mines near a railroad at Terrazas station, known as the Rio Tinto group, and also discovered and examined a mine known as the San Rafael and one known as the Colombia. That plaintiff called Hutchinson's attention to said mines, and Corrigan, McKinney & Co. furnished the money to first lease and bond and finally buy the San Rafael, the title thereto being finally taken in the name of the Rio Tinto Copper Company, and afterwards the Colombia and Rio Tinto group. That about December, 1908, the title to the San Rafael being in Hutchinson's name and of the Colombia and Rio Tinto group being in Price McKinney's name, Hutchinson, having in charge the acquirement of the tenth interest for plaintiff, and defendant, agreed with Corrigan, McKinney & Co. that the properties should be conveyed to an Ohio corporation in the United States, entered into a written agreement accepting for plaintiff and defendant a one-tenth interest in said Ohio corporation in lieu of an interest in said properties. That thereafter, about November or December, 1911, in the city of El Paso, Hutchinson again agreed and promised plaintiff that he would divide said tenth interest with him and pay him one-half of any sum realized therefor. That on June 27, 1912, in the United States of America, Hutchinson, without advising plaintiff, sold and disposed of said one-tenth interest in said Ohio corporation for the sum of $40,000 and on demand refused to pay plaintiff one-half. Plaintiff also alleged that, when the agreement was made in Chihuahua, it was intended to be performed by the capitalization of the mines in the United States; that although said agreement first contemplated that plaintiff and defendant were to receive an interest in the properties, the defendant, having in charge the acquirement of said interest, afterwards accepted, in lieu of the interest in the properties, an interest in an Ohio corporation; and that the plaintiff's cause of action is for the recovery of one-half

the sum that their joint interest in an American corporation was sold for in the United States. Plaintiff also averred that all partnership matters had been audited and settled, except the item sued for.

Defendant by his amended answer denied all and singular the allegations in plaintiff's petition contained, and denied that he ever made a contract, or reiterated or ratified any contract, with plaintiff in El Paso, Tex. By special answer the defendant alleged that if any contract was made, as alleged by plaintiff, the same was a verbal contract made in the state of Chihuahua, republic of Mexico, and was a contract of partnership for the purpose of handling and disposing of mines and mining claims in the republic of Mexico, and under the laws and statutes of the republic of Mexico said verbal contract of partnership was null and void and could not be enforced in the courts of El Paso, Tex. Defendant pleaded certain statutes of Mexico, which he alleged required all contracts of the nature as set out by plaintiff to be in writing and properly stamped and recorded in order to be valid. Defendant also alleged that plaintiff could not prosecute the suit in the manner and way in which he was attempting to prosecute the same, for the reason that the same was a suit for a settlement and accounting of the verbal partnership agreement made in the republic of Mexico, and which verbal contract of partnership was void under the laws and statutes of the republic of Mexico, and, further, if plaintiff ever had any suit against the defendant, the same was a suit in equity for the dissolution of said alleged contract of partnership, and that there was due and owing to plaintiff a large amount of credits in the way of salary and expenses, as well as a large amount of money due and owing to the partnership, and, as there had never been a settlement and accounting of the partnership transaction, the suit could not be maintained by plaintiff for a division of the $40,000 secured on the sale of the one-tenth interest in the Rio Tinto group.

Trial by jury resulted in verdict for plaintiff for $20,000, from which this appeal is perfected.

Appellant's first assignment charges that the judgment entered was not authorized by the verdict of the jury, in that plaintiff sued Hutchinson, Reynolds, and McNary, and the case was submitted against Hutchinson only, and the charge of the court and the verdict only applied to Hutchinson, which did not authorize a judgment against the other two defendants. This assignment is not borne out by the facts, which are that Reynolds and McNary were sureties on a replevin bond executed in garnishment suit. They had not appeared or answered in this suit, and the replevin bond was not filed in this suit. And the portion of the judgment that applies to them is neither a judgment in favor of nor against them. It reads as follows:

169 S.W.—41

"It is ordered that plaintiff take nothing in this case by reason of said replevin bond against Reynolds and McNary, but this order is made without prejudice to any rights which plaintiff may have upon said replevin bond and against the parties in the garnishment case."

The assignment is therefore overruled.

[1] The second and tenth assignments in effect assert that the pleadings show a verbal partnership contract between the parties in pursuance of which many business matters were transacted; that the evidence shows said contract has not been terminated or settlement had; that under such state of facts one partner cannot maintain an action at law against his copartner, on a claim growing out of a single transaction during the existence of such partnership. The plaintiff alleged that all the matters between the plaintiff and the defendant had been settled, and the moneys received divided, except this one item sued for; and the evidence is sufficient to show that all partnership profits had been divided, or that such items as were not collected had been abandoned, with no hope of collection, and the court properly charged the jury that, if they should find that such was not true, they should find for the defendant.

[2] The question having been properly submitted to the jury, they having found against the defendant, and the evidence being sufficient to sustain the finding, the judgment of the lower court cannot be questioned here.

By his other assignments appellant charges directly or indirectly that (a) the contract, being verbal and made in Mexico, was governed by the laws of the republic of Mexico, and, not being in writing, stamped, and recorded, was void, and therefore cannot be enforced in Texas; (b) that it was to be performed in Mexico, and was performed there, and therefore the laws of Mexico must govern its enforcement, and, being void in Mexico, it could not be ratified elsewhere.

[3] In support of this contention the appellant introduced as a witness, a lawyer from Mexico, who testified at length concerning the provisions of the Mexican laws; also introduced in evidence certain articles of the Mercantile and Civil Codes of the republic and of the state of Chihuahua, which undoubtedly are to the effect that verbal contracts involving more than a certain amount in value are void and unenforceable; but this is not a suit to enforce any of the active provisions of the contract, but one brought after its completion to adjust the profits which have resulted from it. In such case the partner, in whose hands the profits are, cannot refuse to divide because the original contract was void for lack of formality. De Leon v. Trevino, 49 Tex. 91, 30 Am. Rep. 101.

The facts alleged by plaintiff are that in 1907 appellant, Hutchinson, in a conversation with appellee in the city of Chihuahua, proposed that if he (appellee) would find valuable mines close to a railroad that he (appellant) could induce Corrigan, McKinney & Co.

a corporation in the United States, to capitalize and work them, and that of the profits which might accrue they could get 10 per cent., to be divided equally between them; that they afterwards went to El Paso, Tex., together and talked the proposition over there; that in 1911 Hutchinson made a new promise to divide the one-tenth interest in the corporation, domiciled in Ohio, United States. The defendant's pleading and evidence were simply a general denial, and upon these allegations the jury have found in favor of appellee, and the evidence is amply sufficient to·sustain the verdict of the jury.

There was nothing in the contract pleaded and nothing in the evidence to indicate that the contract was wholly to be performed in the republic of Mexico. While the facts show that the mines were found in Mexico, the sale was made in the United States, and the facts clearly show that the parties both so contemplated when the agreement was made between them. In fact, this is a suit brought in the United States for one-half of the moneys received by one partner as the proceeds of a sale of a one-tenth interest in a corporation in the United States, so, if there was any vice in the original' contract, it has now been carried out, and the profits made by the joint action of the parties have passed into another form, to wit, an interest in an Ohio corporation, thence into cash in the hands of Hutchinson, and in equity and good conscience he cannot now refuse to divide.

Without specifically·mentioning each assignment, we have passed upon all the questions presented by what is said' above. Being without merit, they are overruled, and the cause affirmed.

Affirmed.