AMERICAN NAT. INS. CO. v. FULGHUM.
(No. 242.)

(Court of Civil Appeals of Texas. Beaumont.
June 30, 1917.)

1. APPEAL AND ERROR ☖1003 — REVIEW — VERDICT.

While it is the duty of the Appellate Court to reverse a judgment and remand the case where the evidence so clearly preponderates against the verdict as to show that the jury was influenced by prejudice or sympathy, unless the court is able to say from the evidence, considered as a whole, that it does so overwhelmingly preponderate, or that from the evidence the verdict is clearly wrong, it must sustain the verdict.

2. EVIDENCE ☖219(1) — FAILURE TO CALL WITNESSES.

In an action against a railroad for injuries alleged to have been sustained when struck by projection on a train, where plaintiff had first testified that he did not read a deposition signed by him and introduced by defendant, in which he stated that the injury was received while he was attempting to board a moving train, failure of the defendant to produce at the second trial the persons who witnessed this document was to be considered by the jury in favor of the plaintiff's contention.

3. APPEAL AND ERROR ☖1006(3)—REVIEW— SECOND VERDICT.

Where two verdicts had been found in favor of plaintiff and both trial judges upheld the verdict, on second appeal the court will not hold that the evidence is so clearly against the verdict as to authorize its reversal.

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Action by Tom Fulghum against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Williams & Neethe, of Galveston, and Lane, Wolters & Story, of Houston, for appellant. Barkley & Green and Dave D. Hughes, all of Houston, for appellee.

HIGHTOWER, C. J. We take the following statement from appellant's brief, showing the nature and result of the suit, which is not questioned by appellee, and which we find to be substantially correct:

The suit was brought by Tom Fulghum, appellee here, in the district court of Harris county, against the American National Insurance Company, appellant here, on an accident and life policy, claiming a benefit of $1,000 for the loss of an arm, alleged to have occurred in a railroad accident, and also for 12 per cent. damages and attorney's fees, under the statute in this state providing for such. This is the second appeal of this case. On the former appeal (177 S. W. 1008), which was also from a judgment in favor of appellee and against appellant, the judgment of the lower court was reversed and the cause was remanded for a new trial, on the ground, as stated by the appellate court, that the evidence was insufficient to support the finding by the jury in favor of appellee. The opinion on the former appeal will be found

reported in the case of American National Insurance Co. v. Tom Fulghum, 177 S. W. 1008. The opinion in that case was by the Court of Civil Appeals at El Paso, and the statement of the cause of action asserted by appellee, Fulghum, and all defenses interposed thereto by appellant, as well as the evidence introduced, is sufficiently full to give a clear understanding of the pleadings and evidence, and the pleadings of the parties and the evidence introduced are practically the same here as on the former appeal, and, for the sake of brevity, we refer to the opinion of the Court of Civil Appeals on the first appeal.

[1] Appellant's first assignment of error is, in effect, that the verdict of the jury in favor of appellee is clearly against the great preponderance of the evidence, and is therefore not supported by the evidence, and that the evidence so clearly preponderates against the verdict as to show that the jury was influenced by prejudice against appellant or sympathy for appellee, etc. If this contention of appellant be correct, in the opinion of this court, then it becomes the duty of the court to reverse the judgment and remand the case. But, unless the court is able to say from the evidence, considered as a whole, that the same does so overwhelmingly preponderate against the verdict as to indicate prejudice or sympathy as claimed by appellant, or that from the evidence introduced the verdict of the jury is clearly wrong, then it becomes the duty of the court to sustain such verdict.

We have carefully read the opinion of the Court of Civil Appeals on the former appeal, and have concluded that that court, in reversing and remanding the case on the ground of insufficient evidence to support the verdict on that appeal, was influenced largely by the fact that Fulghum had made two written statements at different times as to the cause of his injuries, which statements were clearly contradictory of each other in material respects. It is true that there were introduced in evidence two different statements made by appellee to the assistant claim agent of the Wabash Railway Company, detailing how appellee's injuries occurred. It is undisputed that the injury was sustained on the 13th day of August, 1912, at the little station of Hahn, on the Wabash Railroad in the state of Michigan, and resulted in the loss of appellee's arm. The evidence shows that he was confined in the hospital in consequence of such injuries, and that on the 22d day of September, 1912, while still confined in the hospital, he was approached by said claim agent of the Wabash Railway Company for a statement as to how he was injured, and he thereupon made a written statement, in which, among other things, he stated that he was struck by some object projecting from a freight train of the Wabash Railway Company while he (Fulghum) was walking along in the yards at the station of Hahn before

mentioned, which statement in that respect substantially corresponds with his evidence as given on the trial below in this case. Thereafter, however, on February 11, 1913, appellee made to said claim agent another written statement, so it is claimed, by appellant, and this statement was introduced in evidence below, from which it appears that appellee stated to the claim agent at that time that he was attempting to catch a moving train of said railway company at the time of his injury, and that he failed in his attempt to board said train and fell therefrom, and was run over and injured, and, among other things, that he was a trespasser in the railroad company's yards, and in attempting to get on its train, and that he was to blame for his injury.

[2] Now, the vital issue for determination on the trial below was whether appellee was struck by some object which projected from a moving train, as he claimed, or whether his injury was sustained while he was attempting to board a moving train, and the jury determined this issue and found that appellee was not injured while attempting to board a moving train. The case was submitted on special issues, and issue No. 1 was as follows:

"Was or not the plaintiff injured while attempting to board a moving train? If you answer this question in the affirmative, and then only in such event, you will answer the other questions."

The jury answered: "He was not." Judgment was entered upon this verdict in favor of appellee, as hereinbefore stated. The record before us discloses that the appellee himself and appellant's witness Louis Mann were the only persons who testified at the trial below who attempted to tell how the injury occurred, or claimed to know how the injury occurred. The witness Louis Mann was a telegraph operator at the time the injury occurred, and was in the employ of the Wabash Railway Company at the station of Hahn, Mich., and testified, in substance, that he saw appellee at the time he was injured, and that appellee sustained his injury while attempting to catch a moving train that was running through the station yards at said station, and failed in the attempt, and fell under the train. This witness testified by deposition. He was flatly contradicted on this point, however, by appellee. The statement that was made to the assistant claim agent, or claimed to have been made to him by appellee of date February 11, 1913, purports to have been signed by three persons who signed the same as witnesses to such statement claimed to have been made by appellee. Appellee on the trial below testified that this statement bore his signature, but that he did not read the statement, and that he did not know of its contents, and further testified in substance, that the same was prepared by the claim agent of the railway company, which is undisputed, and that he, appellee, understood that the same was only to be a receipt for $50 then paid him by the railroad company's claim agent, with the promise of employment when he should be able to go to work. The deposition of this claim agent, whose name is Z. T. Dungan, was in evidence, and, among other things, he testified that said statement was read over to appellee before he signed it, and that it was read to appellee in the presence of three other persons whose signatures appear as witnesses to said statement. In view of the fact that it is admitted by appellant that the testimony of appellee on the last trial was substantially the same as on the first trial, it is apparent to us that appellant was aware that in all probability appellee, when the case should be retried, would testify as he had done on the first trial, and we are at a loss to understand why appellant did not attempt to procure the evidence by some means of these three disinterested persons whose names appear to this damaging statement as witnesses to the fact that said statement was in fact read over to appellee at the time he signed the same, as claimed by said assistant claim agent, Dungan. It seems to us that, in view of the conflict between the said Z. T. Dungan, the claim agent, and appellee, as the same developed on the first trial on the point as to whether appellee signed this second statement knowing the contents of same, appellant ought to have shown some reason why the testimony of these three witnesses to the statement was not produced in contradiction of appellee. We think these were matters to be considered by the jury in favor of appellee's contention below.

[3] It is contended by appellant that the state of the evidence was such, after the case was developed below, that ordinary and reasonable minds could not have come to any other conclusion than that appellee was injured while attempting to get on a moving train, and that his claim that he was struck by some object projecting from a train, while walking along the track, was a pure fabrication, and ought to have been so decided by the jury. It has transpired, however, that 24 jurors at different times have passed on this issue, and each of them found in favor of the contention of appellee, and two different trial judges have upheld the verdict of such jurors. Under such circumstances, we have concluded that we ought not to hold on the second appeal in this case that the evidence is so clearly against the jury's verdict as to clearly show that the same is wrong, and we therefore overrule the assignment of error on this ground. Construction Co. v. McCall, 167 S. W. 811; Camp v. Smith, 166 S. W. 23; Hutchinson v. Murray, 169 S. W. 640; Western Assurance Co. v. Hillyer-Deutsch-Jarratt Co., 167 S. W. 821.

There are other assignments of error, all of which we have considered. While we shall not attempt to discuss them, we have

concluded that none of them point out any reversible error, and the same should be overruled.

It therefore follows that the judgment of the trial court should be affirmed; and it is so ordered.