## LAMB v. ALEXANDER et al.

No. 7789—Opinion Filed Feb. 26, 1918

Rehearing Denied Dec. 11, 1918. Second Petition for Rehearing Denied April 8, 1919.

(179 Pac. 587.)

**1. Quieting Title—Relief to Defendant.**

The spirit of the Code of Procedure requires that, in so far as possible, all controversies and equities concerning a particular subject-matter, shall be determined in one proceeding; where in an action to recover real property and to quiet title thereto, the several defendants are required to set up in their answer the nature of their claims to the property, and one of the defendants in asserting his interest must necessarily state a cause of action against one of his codefendants in regard to the subject-matter. he has a right to maintain a cross-petition against such codefendant, and is entitled to have such judgment against such codefendant as the pleadings and facts justify.

**2. Partnership — Dissolution — Action Between Partners.**

Where the liabilities of a copartnership have been discharged, and the partners have entered into a contract dissolving the same and settling all the partnership affairs between themselves, and the contract of settlement has been executed by both parties, except as to one particular partnership transaction regarding which one of the partners fails and refuses to perform the contract, the other partner may maintain an action against him to enforce the contract in regard to such transaction.

**3. Courts—Amendment of Records—Nunc Pro Tunc Order—Evidence.**

The court may, at any time while a cause is pending and before a final judgment, upon proper showing and notice to the adverse party, by a nunc pro tunc order, amend and correct its records, so as to make them speak the truth, and it is not confined to any particular class of evidence, but may do so upon any competent evidence.

**4. Attorney and Client—Action Between Attorneys—Issues and Proof.**

Plaintiff and defendant, as attorneys, had a contract of employment with a third party in an action to recover 120 acres of land, whereby it was agreed that such third party should pay the plaintiff and defendant one-fourth of value of the land recovered. There were 120 acres of land recovered in said action. Subsequently the third party conveyed 30 acres of said land to the defendant. The plaintiff brings action against the defendant to recover a one-half interest therein, alleging that the 30 acres was conveyed to the defendant for services

rendered under said contract of employment, and that the defendant took title to said land in his name for both plaintiff and defendant. The defendant in his answer denies that plaintiff has any interest in the land in controversy, and further alleges that the land was conveyed to him by the third party in consideration of services rendered the third party by the defendant individually. The plaintiff introduces testimony to establish that said land was conveyed to the defendant by the third party in consideration of services rendered under the contract of employment. The defendant offered testimony to prove that said 30 acres was conveyed to him by the third party in consideration of services rendered to third party by him, and not in consideration of the services rendered under contract of employment. On objection the court excluded such evidence as not being within the issue. Held. that the evidence offered by the defendant was within the issues and competent, and that the court committed prejudicial error in excluding the same.

(Syllabus by Pryor, C.)

Error from District Court. Okmulgee County; Ernest B. Hughes, Judge.

Action by Taylor Hardridge against Frank F. Lamb, M. M. Alexander and others, to recover realty and to quiet title, with answer and cross-petition by defendant Alexander, and answer thereto by defendant Lamb. Judgment for defendants against plaintiff, motion by defendant Lamb to strike the answer and cross-petition of defendant Alexander, and demurrer thereto overruled, and judgment for defendant Alexander as against defendant Lamb. and the latter brings error. Reversed and remanded.

This action was commenced on the 2d day of June, 1913, in the district court of Okmulgee county, by Taylor Hardridge against Frank F. Lamb and M. M. Alexander and others. to recover certain real estate lying in said county, and to have title thereto quieted against the defendants.

The petition of the plaintiff, Taylor Hardridge, asks not only for the possession of the premises involved in said suit. but also asks that the various defendants therein claiming interest in said premises be summoned to come into court and set up the nature of their claims.

On the 3d day of December, 1913. the defendant Alexander filed his answer and cross-petition wherein he claimed that he was the owner of an undivided one-half interest in and to the south 30 acres of the northeast quarter of the northwest quarter of section 27, township 15 north, of range

14 east, same being a portion of the lands set out in plaintiff's petition; that legal title to the same was in Frank F. Lamb, his codefendant, however the said Lamb held said property in trust for himself and the defendant Alexander; that the said Alexander and Lamb acquired title to the said land from Eli Hardridge through and by virtue of a contract of employment as attorneys to render legal services to the said Eli Hardridge in an action for the partition of certain lands in Okmulgee county, of which this 30 acres was a part: that the action for the partition of said land by Eli Hardridge was successful, and this 30 acres was deeded to Frank F. Lamb in pursuance to the contract of employment in trust for the use and benefit of Lamb and Alexander; and further that, by reason of a contract of dissolution of partnership between Lamb and Alexander, Lamb agreed to hold in trust said lands and conveyed an undivided one-half interest to Alexander. The defendant Lamb in his answer denies the contentions of his codefendant Alexander, as set forth in his answer and cross-petition, and claims that the said Alexander has no interest in said land, and that the said Alexander abandoned his contract of employment with Eli Hardridge by rendering no services thereunder.

On the 13th day of March, 1914, the regular judge, Wade S. Stanfield, suggested his disqualification, and there was a journal entry entered on that date showing that the said judge was disqualified, and the attorneys of all parties agreed that Ernest B. Hughes should try said cause, and it was so ordered in said journal entry. On the same day the cause came on for hearing before special judge, Ernest B. Hughes, as to the issues between plaintiff and defendants, and judgment was rendered for defendants and against plaintiff.

On the 16th day of March, 1914, the defendant Lamb filed a motion to strike the answer and cross-petition of the defendant Alexander for the reason that the same was not germane to the cause of action alleged in the plaintiff's petition, and the court had no jurisdiction to hear the same. On the 19th day of November, 1914, this motion was by the court, Judge Stanfield sitting, overruled, to which the defendant Lamb excepted. And on the same day the said defendant Lamb filed a demurrer to the answer and cross-petition of the defendant Alexander which was by the court overruled, and to which ruling of the court defendant Lamb excepted.

On the 4th day of December, 1914, upon

motion of the defendant Alexander, notice having been served upon the defendant Lamb of said motion and hearing thereof, the court, Judge Stanfield sitting, made and entered a nunc pro tunc order correcting the journal entry showing the disqualification of Judge Stanfield, making the journal entry show that the order of disqualification only extended to the issues between the plaintiff and defendants, and not as to the issues between the codefendants. To this nunc pro tunc order there were no exceptions taken by defendant Lamb.

On the 19th day of June, 1915, the issues between defendants Lamb and Alexander were tried by Judge Hughes, successor of Judge Stanfield. There was judgment for Alexander, and Lamb appeals.

West & Hagan, Merwine & Newhouse, and Frank F. Lamb, for plaintiff in error.

Charles A. Dickson, H. E. P. Stanford, Cochran & Ellison, and Moore & Noble, for defendants in error.

Opinion by PRYOR, C. (after stating the facts as above). The first contention of the defendant Lamb, plaintiff in error here, is that the the lower court erred in overruling his motion to strike the answer and cross-petition of defendant Alexander, for the reason that said answer and cross-petition was not pertinent and germane to the cause of action set out in the original petition, and that the court erred in overruling the demurrer of the defendant Lamb to the answer and cross-petition of the defendant Alexander, which was based upon the same ground.

The procedure invoked by the defendant Alexander has been sanctioned by the courts of Kansas from which our procedure was taken, and courts of states having similar codes of procedure from the inception of such codes. The law requires that, in so far as possible, all controversies and equities concerning the same subject-matter between the parties properly before the court should be settled in one cause, and to avoid a multiplicity of suits the courts will give the statute a liberal construction in this regard. The court has plenary power to render such judgment in regard to the subject-matter as the pleadings and facts justified, between all parties present, whether between plaintiff and defendants or between codefendants. Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898; Kimball v. Connor, 3 Kan. 414; Dawson v. Vickery, 150 Ill. 398, 37 N. E. 910; Ackley v. Croucher, 203 Ill. 530, 68 N. E. 86; Seibert v. Thompson, 8 Kan. 65; Brook v. Wertz, 61 Okla. 238, 160 Pac. 903. The

above authorities clearly sustain the right of the defendant Alexander to maintain his cross-petition against the defendant Lamb. The petition in the main action required Alexander to set up and assert whatever interest he claimed in the lands in controversy. In setting out and asserting his interest to the land, from the very nature of his claim, he must allege a cause of action against Lamb. The facts required to establish his interest would necessarily establish a cause of action against his codefendant Lamb. Being compelled by the nature of the case, if he assert his right at all, to make such showing as would entitle him to a judgment settling the controversy between himself and Lamb, concerning the subject-matter, it would be incorrect to hold that the court was without jurisdiction to render judgment determining their disputes, and that the defendant Alexander must present the same pleadings and same evidence in a separate action to have his rights against defendant Lamb adjudicated.

The trial court committed no error in overruling the motion to strike, and the demurrer of the defendant Lamb to the answer and cross-petition of defendant Alexander.

The motion to strike and the demurrer above mentioned were passed on by Judge Stanfield after entering the above order of disqualification. This the plaintiff in error contends was prejudicial to his right, and the said judge was without authority to pass upon said motion and demurrer.

The court, Judge Stanfield sitting, on the 4th day of December, 1914, as stated above, entered a nunc pro tunc order correcting the journal entry of disqualification, but the plaintiff in error contends that this order was made without authority. The court in this jurisdiction has full authority to correct by a nunc pro tunc order the records of such court so as to make them speak the truth, upon a proper motion and notice of hearing thereof to the adverse parties, and there is no particular class of evidence required on the hearing for the nunc pro tunc order. The court may make the order upon any competent evidence. Runyan v. Herrod, 62 Okla. 87, 162 Pac. 196; Clark v. Bank, 14 Okla. 572, 79 Pac. 217, 2 Ann. Cas. 219. In re McQuown, 19 Okla. 349, 91 Pac. 690, 11 L. R. A. (N. S.) 1136.

The conduct of the plaintiff in error Lamb has been entirely consistent with the understanding as to the nature and extent of the disqualification as expressed in the corrected journal entry. The plaintiff in error Lamb presented his motion to strike

and demurrer to the cross-petition of the defendant Alexander to Judge Stanfield, and allowed the said judge to pass upon the same without any objection or suggestion as to his disqualification. There was an application for a receivership made in said cause by the defendant Alexander, and various actions were taken in this cause, and a receiver appointed by the same judge without any suggestion as to his disqualification. The record does not disclose that at any time the defendant Lamb called the attention of the judge to the fact that he might be disqualified to hear and determine the controversy between the defendant Lamb and defendant Alexander. The record shows that the defendant Lamb took exceptions to the ruling of the court on the motion to strike, and his demurrer to the answer and cross-petition of Alexander, but does not show that any objection was made to the disqualification of the judge. As there was no objection made by the defendant Lamb, he, by his silence, acquiesced in the court's acting on said motion and demurrer, and he will be deemed to have waived any question and objection as to the disqualification of said judge, and, not having raised the question below, he cannot raise the question for the first time in this court. Bradley v. Chestnutt-Gibbons Gro. Co., 35 Okla. 165, 128 Pac. 498; McBride v. Foote, 65 Okla. 122, 165 Pac. 160; Kelly v. Roetzel, 64 Okla. 36, 165 Pac. 1150.

It is contended that the defendant Alexander could not maintain this action against the defendant Lamb on account of partnership relations. As a general rule, one partner in a copartnership involving many transactions cannot maintain an action against his copartner for the recovery of profits arising out of a single transaction, or in regard to a single transaction, but must bring an action for accounting; but where the copartnership has been dissolved by mutual consent, the liabilities discharged, and the affairs settled as between the partners, and the balance struck, and when the controversy can be properly determined without an accounting, this rule does not apply. Ries v. Ries, 99 Minn. 446, 109 N. W. 997; Benton v. Hunter, 119 Ga. 381, 46 S. E. 414; Hutchinson v. Murray (Tex. Civ. App.) 169 S. W. 640; Dorwart v. Ball, 71 Neb. 173, 98 N. W. 652, 8 Ann. Cas. 766; Douthit v. Douthit, 133 Ind. 26, 32 N. E. 715; Crittenden v. Cobb (C. C.) 156 Fed. 535.

An accounting, prerequisite to the bringing of suit by one partner against another partner, can be effected by agreement between the partners just as well as by an

action for an accounting. This Lamb and Alexander had done, and everything was settled by agreement, and this action is brought to enforce their contract relative to one particular item, the fee in the Hardridge partition suit. So far as it appears of record, there is no dispute as to any other item. This clearly brings this case within the exception to the general rule.

The last contention of the plaintiff in error, Lamb, is that the court erred in excluding evidence offered on the part of the defendant Lamb, and objected to by the defendant Alexander. During the course of the examination of the defendant Lamb as witness in his own behalf, his counsel asked the following question:

"Calling your attention to the deed made by Eli Hardridge to you, in July, 1912, to the 30 acres, you may state to the court the purpose of the giving of that deed—what services, if any, had been rendered?"

To which the counsel for Alexander objected as being "incompetent, irrelevant, and immaterial, and not tending to prove or disprove any issue as joined by the pleadings in this case." The trial court sustained the objection, for the reason that the same was not within the issues.

The contract of employment between the defendant Lamb, as trustee for himself and the defendant Alexander, with Eli Hardridge, stipulated as to the manner of payment for services to be rendered under said contract as follows:

" * * * Now, therefore, the above-named parties of the first part hereby employ F. F. Lamb to act as their attorney at law in said matter, and hereby agree to pay the said F. F. Lamb one-fourth of the value of the land recovered in said suit or suits."

The answer of the defendant Lamb to the answer and cross-petition of the defendant Alexander contains the following allegation:

"This answering defendant admits that on the 2d day of May, 1912, the said Eli Hardridge conveyed to him the south 30 acres of the southeast quarter of the northwest quarter of section 27, township 15 north, range 14 east, but he avers that the consideration for said deed last aforesaid was for various other legal services rendered by Lamb which said services were rendered long after April 6, 1907; that the said M. M. Alexander had no right, title, or interest in said lands so conveyed to him last aforesaid."

The record discloses that in the action wherein Lamb and Alexander were attorneys for Eli Hardridge, under the above-mentioned contract of employment, there was recovered 120 acres of land, and the 30 acres conveyed to Lamb was one-fourth thereof; but, from the fact that this 30 acres is a portion of the land involved in the controversy in which Lamb and Alexander acted as attorneys for Hardridge, it does not necessarily follow that the 30 acres was conveyed in consideration of the services rendered under the contract. The contract of employment does not provide for the payment of the services to be rendered by the conveyance to them of one-fourth of the land in specie, but for one-fourth of the value of the land. As will be noticed from the excerpts of the defendant Lamb's answer, it is alleged that this land was conveyed to Lamb in payment of other services rendered by Lamb for Eli Hardridge, and not for the services rendered in pursuance of the contract of employment, the contract in which the defendant Alexander was interested. The record further shows that the defendant Alexander produced Eli Hardridge as a witness in behalf of the said Alexander and Hardridge, testified that the 30 acres was conveyed for services rendered in pursuance of the contract of employment.

Taking in consideration the clause in the contract of employment providing for the manner of payment for the services to be rendered thereunder, the allegation in defendant Lamb's answer above referred to, and the above testimony of Eli Hardridge, these together squarely presented the issue in the trial court in said cause as to whether or not the 30 acres involved in this action, to which the defendant Alexander claims a one-half interest was conveyed to Lamb in pursuance of the contract of employment, and in consideration of the services rendered under such contract, or for other consideration moving from Lamb to Hardridge, and on this issue, so raised and testified to by Eli Hardridge as a witness for Alexander, the defendant Lamb should have been permitted to introduce the testimony offered, and the trial court committed prejudicial error in excluding such evidence.

On this last proposition—the exclusion of evidence—the court having reached a different conclusion on a reconsideration of the case on rehearing from that reached in the former opinion, the former opinion, in so far as it relates to this proposition, is receded from.

Therefore the judgment of the trial court should be reversed, with directions to grant a new trial.

By the Court: It is so ordered.