## SERAN v. ROSE et al.

No. 11328—Opinion Filed July 3, 1923.

1. **Mechanics' Liens—Personal Judgment.**

Under section 7463, Comp. Stat. 1921, a subcontractor, materialman, or workman, between whom and the owner there is no privity of contract, and in whose favor no

direct liability has been imposed upon the owner, is not entitled to a personal judgment against the owner.

### 2. Same—Judgment.

A contractor obtained judgment against the owner for balance due on building per contract. Record examined, and held, the court erred in adding thereto, in its judgment, the amount of an uncontested materialman's lien for which the contractor alone was personally liable.

### 3. Contracts—Written Contract—How Altered—Executed Oral Agreement.

Section 5081, Comp. Stat. 1921, provides that: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." Record examined, and held, to sustain a verdict of jury that contract was changed by executed oral agreement.

### 4. Principal and Agent—Agency—Parol Evidence—Proof.

An agency resting in parol can generally be proved by testimony of either the principal or person who claims to act as agent.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okfuskee County; Lucien B. Wright, Judge.

Action by A. Rose against B. P. Seran and Dascomb-Daniels Lumber Company to foreclose mechanics' lien. Judgment for plaintiff and for defendant Lumber Company, and defendant Seran brings error. Modified and affirmed.

J. C. Wright, C. T. Huddleston, and Logan Stephenson, for plaintiff in error.

Martin L. Frederichs and W. E. Wells, for defendants in error.

Opinion by ESTES, C. Defendant in error A. Rose, as plaintiff, sued B. P. Seran, plaintiff in error, as defendant, and the Dascomb-Daniels Lumber Company, defendant in error, as defendant, in the district court of Okfuskee county to foreclose mechanics' lien on certain real estate in the town of Faden, Okla. He sued on his written contract for a balance due and for certain extras placed in the building by mutual agreement of the parties, and alleged that the lumber company had furnished material to him for the building and that the lumber company had a lien for the same. Seran admitted the contract, denied that the building was ever completed according to contract, set up various items wherein such failure consisted, and asked damages for failure to deliver the building within the time, and disputed the amount of the balance due under the contract, and counterclaimed for a balance against plaintiff. The lumber company admitted the facts pleaded by the plaintiff, set up its lien, and asked for a judgment against both Rose and Seran, and for a foreclosure of its lien. Seran did not file reply to the answer and cross-petition of the lumber company. Without any objection, the court submitted the issues between Rose and Seran to a jury, and excluded from the consideration of the jury all issues as to the claim and rights of the lumber company. A verdict for $1,400 and attorney fees was rendered in favor of the plaintiff. On said verdict the court rendered personal judgment in favor of Rose against Seran and ordered foreclosure, and also rendered personal judgment in favor of the lumber company against both Rose and Seran and ordered foreclosure.

Seran, as plaintiff in error, lodged the case in this court on various assignments. The trial really amounted to an accounting between Rose and Seran, and the jury having passed upon the various items between them on instructions by the court, which were not excepted to, Seran is foreclosed thereby as to such accounting under the well-known rules of law. Certain other assignments of error remain to be considered.

(1, 2.) Plaintiff in error complains of the personal judgment against her in favor of the lumber company. Counsel for defendants in error contend that plaintiff in error did not raise any objection to such personal judgment in the motion for new trial. A party cannot assign error for the first time on appeal. Brown v. Chowning, 59 Okla. 278, 159 Pac. 323. While the first ground of the motion for new trial is somewhat indefinite, it is specified as error, the rendering of judgment in favor of the lumber company. This, we think, is sufficient to save the question for review. Neither the pleadings nor the evidence show any contract between the lumber company and Seran. The lumber company filed its lien under section 7463, Comp. Stat. 1921, and served its notice thereunder and claimed no lien otherwise. The lumber company was, undoubtedly, entitled to personal judgment against Rose. We are at a loss to understand on what theory it claimed, or the court rendered personal judgment against Seran. Although the latter did not reply to the cross-petition of the lumber company, denying personal liability, the lower court should have modified its judgment in that behalf when the matter was called to the court's attention in the motion

for new trial. In Alberti v. Moore et al., 20 Okla. 78, 93 Pac. 543, this court held:

"A subcontractor, materialman, or workman, between whom and the owner there is no privity of contract, and in whose favor no direct liability has been imposed upon the owner, is not entitled to a personal judgment against the owner. The judgment rendered should be a personal one against the original contractor."

In this connection, plaintiff in error also assigns that the court erred in entering judgment in favor of the lumber company for the amount of its claim, in excess of the amount found due to Rose. After a portion of the argument of counsel had been made to the jury, the court, without exception made by any of the parties, gave an additional instruction to the effect that the amount of the claim of the lumber company was included in the claim of Rose, and that if the jury found for Rose, they must deduct the amount of the lumber company's claim from the amount found due Rose, and that the jury must consider the amount claimed by the lumber company in passing upon the question as to how much was due Rose. Under this instruction, it is clear that the verdict was for the amount due Rose only. The contract on which Rose sued provided that he should pay for all materials. He testified, in substance, that he, and not Seran, should pay the lumber company. It was contrary to the evidence, if not arbitrary, for the court, by the judgment, to attempt to add the amount of the lumber company's claim to the amount of the verdict in favor of the plaintiff.

3. Plaintiff inn error also complains that it was error for the court to permit Rose to make parol proof of the extras which he furnished on the building. The contract sued upon by Rose provided that no alterations in the plans and specifications be made unless by agreement in writing and attached thereto. Section 5081, Comp. Stat. 1921, provides:

"A contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise."

Since it was not changed by writing, it could be changed only by an executed oral agreement. It was a disputed question of fact fully submitted to the jury whether there was an executed oral agreement. There was ample evidence to support the verdict of the jury in this behalf.

4. Plaintiff in error also complains that the court erred in admitting testimony to bind B. P. Seran with transactions carried on by her husband, C. M. Seran, for that there was no competent evidence to show

the agency of said husband. Said husband testified that he represented his wife during all this time. The sworn testimony of the husband to the effect that he was the agent of his wife is competent as tending to prove his agency, and this should not be confused with evidence of his declarations or statements when not testifying. Bagg et al. v. Shoenfelt, 71 Oklahoma, 176 Pac. 511; Whitcomb v. Oller et al., 41 Okla. 331, 137 Pac. 709. Moreover, B. P. Seran introduced several checks signed "B. P. Seran, per C. M. Seran," as evidence of practically all the payments claimed to have been made to the plaintiff. The record also shows that said husband did other things in looking after the building and generally handled the matters in controversy for his wife. This assignment is not tenable.

5. Nor can plaintiff in error complain for misconduct of counsel for Rose. Plaintiff in error did not save herself by proper objections and record from alleged misconduct of opposing counsel. There being no errors, except those herein pointed out, a new trial of this case is unnecessary.

The cause is remanded, with directions to the trial court to modify its judgment to the extent of vacating the personal judgment in favor of Dascomb-Daniels Lumber Company against Seran, and also to deduct the amount of said company's claim, attorneys' fees and costs from the amount of plaintiff Rose's judgment in disbursing the proceeds of the sale of the property on foreclosure of the liens, or otherwise protect Seran from the payment of the lumber company's claim, and, as thus modified, the judgment is affirmed.

By the Court: It is so ordered.