DUNCAN v. VANCE DRILLING CO. et al.

No. 30571. Oct. 27, 1942.

*130 P. 2d 290.*

O. A. Cargill, Howard K. Berry, and O. A. Cargill, Jr., all of Oklahoma City, for plaintiff in error.

Ames, Monnet, Hayes & Brown, of Oklahoma City, for defendants in error.

OSBORN, J. This action was instituted in the district court of Oklahoma county by Mary Duncan, hereinafter referred to as plaintiff, against the Vance Drilling Company, a corporation, and Rex Beauford Thomas, an employee of said corporation, wherein the plaintiff, as the surviving wife and next of kin of Elijah W. Duncan, deceased, sought recovery of damages for his wrongful death. Issues were joined, the cause was tried to a jury, and a verdict was entered in favor of defendants. From a judgment on the verdict, plaintiff has appealed.

The record discloses that the decedent lived with plaintiff approximately eight miles east of Oklahoma City on a paved highway which is an extension of Southeast 29th street; that the decedent was a man approximately 72 years of age. On the night of June 19, 1940, at about 10 o'clock p.m., he was returning to his home from the residence of one Guy Attebury, a nephew of decedent, who lived a short distance east of the residence of decedent. It appears that decedent was walking westward along the highway; defendant Rex Beauford Thomas approached from the east driving a Lincoln Zephyr automobile, and about the same time one Joe Dodril approached from the west driving a Ford automobile with a trailer attached. From the testimony of defendant Thomas it appears that the glare of the headlights of the approaching Ford automobile prevented his seeing the decedent until he was within 20 feet of decedent; that he turned to the left but was unable to avoid striking decedent. The right front door handle of the Lincoln Zephyr automobile was bent backward indicating the manner in which the car struck decedent. It appears that both parties stopped, and that decedent was immediately removed to a hospital, where he died about two hours later.

The issues raised by the pleadings and submitted to the jury were negligence, contributory negligence, and unavoidable accident.

As grounds for reversal it is urged, first, that defendant's counsel made certain improper and prejudicial argument to the jury. This assignment of error is not properly presented. It is a well-established rule in this jurisdiction that prejudicial remarks of counsel in argument to the jury are not available as a ground for reversal unless objected to and exception taken at the time such remarks were made, and the remarks as well as the objections and exceptions thereto must be shown in the record of the proceedings of the trial; that the objection is too late if made for the first time in the motion for new trial or by affidavit of opposing counsel. Westgate Oil Co. v. McAbee, 181 Okla. 487, 74 P. 2d 1150; Seran v. Rose, 93 Okla. 192, 219 P. 940; First Nat. Bank v. Cox, 83 Okla. 1, 200 P. 238. The failure of plaintiff to comply with the rule of presentation of the proposition for reversal precludes a review of the same by this court.

As a second proposition it is urged that the trial court improperly instructed the jury on contributory negligence. The instruction complained of is as follows:

"You are further advised that it was the duty of plaintiff's decedent at the time and place mentioned in the petition here to exercise reasonable care and caution for his own safety and if he failed to do so he would be guilty of negligence, and if that negligence caused or contributed to his own injury then the plaintiff in this case would not be entitled to recover here; therefore, it is claimed by the defendants in this case that the decedent was guilty of negligence in that he walked down the traveled portion of this highway with

his back toward approaching cars and thereby failed to exercise reasonable care and caution for his own safety. Now, if you find from the evidence in this case that plaintiff's decedent committed the acts charged and was thereby guilty of negligence, and that that negligence contributed to his own injury, that is, aided and assisted in bringing about the collision complained of, then and in that event the plaintiff in this case would not be entitled to recover and you should so say by your verdict; however, this plea of contributory negligence is an affirmative defense and must be established by a preponderance of the evidence unless the same is shown by the testimony of the plaintiff in this case."

It is urged that the instruction violates the rule that a court may not instruct the jury that a certain set of facts, if found to be true, constitute contributory negligence. See Owens v. Turman Oil Co., 183 Okla. 182, 80 P. 2d 576; S. H. Kress & Co. v. Nash, 183 Okla. 544, 83 P. 2d 536; Thompson v. Norwood, 189 Okla. 360, 117 P. 791. The rule contended for by plaintiff is well established in this jurisdiction, but an examination of the instruction discloses that it does not offend against the rule in that the jury was instructed that "if you find . . . that plaintiff's decedent committed the acts charged and was thereby guilty of negligence," plaintiff would not be entitled to recover.

As a third ground for reversal it is urged that the trial court erred in refusing to grant a new trial on the ground of newly discovered evidence. In support of the motion O. A. Cargill, counsel for plaintiff, made an affidavit in which it was averred that one J. C. Patterson was present at the time of the fatal injury to decedent and that he made diligent effort to learn of the whereabouts of said Patterson prior to the trial of the cause, but was unable to locate the said Patterson and procure his attendance at the trial.

Plaintiff also submitted the affidavit of the said J. C. Patterson wherein he stated that· on the night of the fatal injury to decedent he was traveling about 100 yards behind the Lincoln Zephyr automobile operated by defendant Thomas at the time "the said car collided with a pedestrian who was on the north shoulder of the highway." We quote further from his affidavit as follows:

". . . Just about the time the two cars met, and in the glare of the light made by the cars meeting each other, I saw a man standing on the north shoulder near the edge of the slab. At this point the car ahead of me and traveling in the same direction as I was traveling, swerved to the right and off the pavement, so that it struck the man standing on the shoulder and threw him into the air.

"The injured man fell in a heap on the pavement, near the north edge of the pavement while the car which struck him went on, apparently reducing its speed."

Plaintiff's argument to the effect that she is entitled to a new trial by virtue of the newly discovered evidence is to the effect that her proof in the trial court was purely circumstantial; that in order to sustain her position that decedent was not on the paved portion of the highway when struck by the automobile, she was compelled to rely upon evidence that there were tracks of an automobile which had left the pavement just before reaching the point where decedent was struck; that defendant Thomas and the witnesses Joe Dodril and Mrs. Joe Dodril all testified that decedent was walking about three feet inside the north edge of the paved portion of the road when struck by the automobile. Plaintiff contends that the newly discovered evidence shown by affidavit "is of such nature as to be the only positive unbiased evidence pertaining to the issues involved" and would in all probability change the result of the trial and the verdict of the jury if submitted to it.

The rule with respect to the granting of new trials on the grounds of newly discovered evidence was stated in the case of Missouri-K.-T. R. Co. v. Embrey, 168 Okla. 433, 33 P. 2d 481, cert. den.

293 U. S. 603, 55 S. Ct. 119, 79 L. Ed. 695, wherein we held:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence.

"The granting of a new trial on the ground of newly discovered evidence rests largely in the discretion of the trial court, and where the trial court overrules said motion, this court will, in the absence of abuse of discretion, affirm the action of the trial court."

In the case of Marland Refining Co. v. Snider, 120 Okla. 116, 251 P. 989, it was held:

"In determining a motion for new trial on the ground of newly discovered evidence, the trial court is not concluded by the motion and the proof in that proceeding, but it is the duty of the trial court to consider such newly discovered evidence in connection with and in the light of the proceedings had and the evidence produced at the original trial and to consider the credibility of the proposed witness and the probable effect of such newly discovered evidence, if a new trial should be granted; and unless it appears that the newly discovered evidence would, with reasonably probability, compel a different verdict, the motion should be denied."

It was incumbent upon the trial court to determine whether or not the proffered evidence could have been discovered with due diligence before the trial; whether it was cumulative and whether it was of such character and strength as would with reasonable probability have compelled a different decision. Dobson v. Baxter Chat Co., 148 Kan. 750, 85 P. 2d 1. It seems clear that the newly discovered evidence herein involved would only tend to strengthen other evidence to the same point, and is impeaching in character. We must assume that the trial court, in determining whether or not the newly discovered evidence was of such character and strength as would with reasonable probability have compelled a different decision, took into consideration the evidence produced at the original trial and in the exercise of its discretion determined that the newly discovered evidence was insufficient to accomplish such result. It does not appear that the trial court abused its discretion in overruling the motion for new trial.

The cause was fairly tried and submitted to the jury under proper instructions, and the verdict of the jury received the approval of the trial court. We find no reversible error in the record.

The judgment is affirmed.

BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY and DAVISON, JJ., absent.