KEENAN v. CLARK.

No. 33457. Nov. 1, 1949.

*211 P. 2d 260.*

Henry M. Vance and Bruce L. Keenan, pro se, both of Tahlequah, for plaintiff in error.

Miller & Miller, of Tahlequah, for defendant in error.

CORN, J. After foreclosure plaintiff became the purchaser at receiver's sale of all the property of the business which was in receivership. Plaintiff claims that the receiver after the sale kept possession of the property as a purchaser by parol from him, but repudiated the purchase and thereafter disposed of various items of the property by sale and did not account to him for the purchase price received. The property so disposed of was worth, says the plaintiff, $1,600, and he sought accounting and judgment for that amount. The defendant denied that he purchased the property, but admitted some negotiations for that purpose were carried on, and alleges that he kept possession of the property bought by plaintiff from him as receiver at the special instance and request of plaintiff, sold some of the property, fully accounting therefor, and delivered the rest to plaintiff. He sought judgment by way of cross-petition for the reasonable value of his services in caring for the property and selling a part thereof. Plaintiff contends in this connection that defendant was a gratuitous bailee.

On all controverted issues of fact the testimony is in conflict. The trial court denied plaintiff relief and we cannot say as a matter of law that its judgment in this respect is clearly against the weight of the evidence.

Under defendant's testimony he took possession of the property under an agreement with plaintiff as his agent and employee. Under plaintiff's testimony defendant took possession of the property as the absolute owner thereof. He testified that he made an outright sale of the property to defendant on open account.

The court must have believed, as testified to by defendant, that defendant took and retained possession and sold some of the property at the instance and request of plaintiff. This being true, an implied promise to pay a reasonable amount for the service so performed would arise. For this service the defendant by cross-petition asked for $420. He got judgment for $200. No complaint is made that the amount found by the court is unreasonable or that same is not sustained by the evidence.

Plaintiff further contends that the court erred in entering judgment for defendant on his cross-petition for the reason that the cause of action therein set forth is not germane to the original controversy. We do not agree. The cause of action set forth in the cross-petition grows out of the transaction set forth in plaintiff's petition as a foundation of his claim, and is connected with the subject of the action, and therefore germane to the original controversy and a proper pleading in the case. 12 O. S. 1941 §273.

In the case of Banks et al. v. City of Ardmore et al., 188 Okla. 611, 112 P. 2d 372, we said:

"In an action for injunction the defendant may properly assert in his answer, as defensive matter or by counterclaim, any rights arising out of the contract or transaction set forth in the petition as the foundation of plaintiffs' claim, which are necessarily or properly involved in the settlement of the questions raised by the petition, or are necessary to a complete determination of the controversy."

In vol. 2, C. J., p. 913, §628, the author states:

"Where the object of a bill in equity is to secure an accounting of a terminated agency, the agreement for which agency contemplated that the agent should be paid for his services, it is proper for defendant agent by cross bill to demand payment for his services and have such demand adjusted with the accounting, so that by its decree the court may give complete relief between the parties in respect of the agency."

Plaintiff's final contention is that the trial court erred in overruling his motion for new trial on the ground of newly discovered evidence.

The evidence on which this motion is based consists of affidavits of three witnesses. In the first affidavit the witness states that he assisted in making the original invoice shortly after the institution of the foreclosure action heretofore referred to and that the invoice was a true and correct invoice of the property then on hand and the further statement that defendant had stated to him that he thereafter purchased the property from plaintiff. In the second affidavit the witness stated that sometime in September, 1942, defendant had purchased from one Mrs. Lee Salkil a certain Curtis saw rig and mill and that he thereafter sold the rig to another. In the last affidavit the witness stated that sometime in December, 1947, he had purchased from defendant a Curtis saw rig and mill for which he paid him the sum of $400; that defendant had moved from the mill to his home several loads of lumber; that he did not know whether the saw rig and mill had ever been owned by the Garners in connection with the business operated by them prior to the time of the appointment of the receiver.

We do not think that the newly discovered evidence when considered in connection with all the evidence at the original trial of sufficient consequence or weight as to have required the court to grant a new trial. It does not appear probable that the newly discovered evidence would cause a different result to be reached on a new trial. Such showing is necessary to obtain a new trial on the ground of newly discovered evidence. Yukon Mills & Grain Co. v. Imperial Roller Mills Co., 34 Okla. 817, 127 P. 422; Duncan v. Vance Drilling Co., 191 Okla. 389, 130 P. 2d 290.

A motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and its ruling on such motion will not be disturbed on appeal in the absence of a showing of abuse of discretion. Hayes v. Charter Oak Fire Ins. Co., 193 Okla. 617, 145 P. 2d 941; Chew v. Fouts, 191 Okla. 665, 132 P. 2d 949.

The trial court committed no error in denying the motion.

Judgment affirmed.