SELECTED INVESTMENTS CORP. v. INTERNATIONAL TRADING SYNDICATE.

No. 35227.   Dec. 9, 1952.

*251 P. 2d 502.*

Fletcher Riley, Oklahoma City, for plaintiff in error.

Irvine Ungerman and Charles A. Whitebook, Tulsa, and Leslie L. Conner and Conner, Hilpirt & Britton, Oklahoma City, for defendant in error.

BINGAMAN, J. The plaintiff recovered judgment against the defendant in the amount of $1,449.02, representing Oklahoma sales tax omitted from invoices covering numerous articles of merchandise sold by the plaintiff to the defendant. The defendant appeals, asserting as grounds for reversal the action of the trial court in striking its counterclaim based upon alleged defects constituting a breach of the warranty of fitness in the articles sold.

Merchandise to the amount of $72,451.27, admittedly subject to the Oklahoma sales tax, was purchased by the defendant from the plaintiff. The sales tax was omitted from the invoices. Liability for the sales tax was admitted by the defendant but by counterclaim it sought recovery for 22 sinks of the value of $339.90 and 24 bathtubs of the value of $1,711.30, all alleged to be defective and nonconforming to samples furnished, in that same were without overflow drains. Offset was tendered to the amount of plaintiff's claim and judgment was prayed for on the counterclaim for the difference. The motion of the plaintiff to strike the counterclaim on the ground that such counterclaim for alleged breach of warranty was not a proper counterclaim or setoff was sustained.

A counterclaim, under the requisites of 12 O.S. 1951 §273, "must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action * * *." In Fort Worth Lead & Zinc Co. v. Robinson, 89 Okla. 221, 215 P. 205, we pointed out that although no satisfactory definition of the term "transaction" as used in the statute had been arrived at, yet it was generally agreed the term had a broader meaning than the word "contract" and even included torts.

In Watson v. American Creosote Works, Inc., 184 Okla. 13, 84 P. 2d 431, we held that a counterclaim, whatever its nature, might be maintained by the defendant if it arose out of or was connected with the cause of action of the plaintiff. Considering a counterclaim for a breach of warranty of fitness in Hales-Mullaly, Inc., v. Cannon, 189 Okla. 613, 119 P. 2d 46, we held that such a counterclaim might be asserted

in a replevin action. As pointed out in Keenan v. Clark, 202 Okla. 143, 211 P. 2d 260, a counterclaim growing out of the transaction on which plaintiff's claim is founded may properly be maintained. To the same effect is Sanders v. Street's of Tulsa, 202 Okla. 427, 214 P. 2d 910.

Under the provisions of the Sales Tax Act, 68 O.S. 1951 §1251f, the seller is the taxpayer, although by 68 O.S. 1951 §1251i, the tax must be passed on to the consumer and paid by him. The omission of the seller to include this tax in the invoice would seem to be almost identical with a situation where the seller omitted to include one of the items of merchandise in the billing. If a charge for an item of merchandise had been omitted from one of the invoices it would not be seriously contended that a counterclaim for breach of warranty as to other items could not properly be litigated in a suit on the account.

Assuming that the situation were reversed and the alleged breach of warranty plead as a counterclaim here was a cause of action asserted by plaintiff, certainly the defendant, the seller of the goods, could plead as a counterclaim any unpaid sales tax on the invoices in question.

Every transaction is more or less complex consisting of various facts and acts to be performed by the respective parties. Viewed by itself any one of these acts may be such a violation of duty as to give rise to a right of action. However, neither party should be allowed to recover the damage sustained by him from any breach of duty by the other without at the same time satisfying any obligation arising against himself, growing out of the same affair.

The liability for this sales tax arises out of the transaction involved in the sale of the merchandise. We believe the California court has correctly stated the rule in the early case from that court of Story & Isham Commercial Co. v. Story, 100 Cal. 30, 34 P. 671:

"The plaintiff is not at liberty to select an isolated act or fact, which is only one of a series of acts or steps in the entire transaction, and insist upon a judgment on this fact alone, if the fact is so connected with others that it forms only a portion of the transaction."

Both the plaintiff's claim for the sales tax and the defendant's counterclaim for breach of warranty arise out of the contract or transaction which was the sale of the merchandise on which the sales tax is claimed and on which the breach of warranty is based. We conclude the trial court erred in striking the counterclaim.

Reversed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, and JOHNSON, JJ., concur. O'NEAL, J., dissents.

O'NEAL, J. (dissenting). I dissent from the majority opinion wherein the court holds that where plaintiff sues for the unpaid balance on an account representing state sales tax on articles sold, the defendant may, by counterclaim, litigate any issue as to breach of warranty of fitness, by reason of defects in such articles.

The International Trading Syndicate, with an office in Tulsa, Oklahoma, sold certain merchandise to Selected Investments Corporation doing business in Oklahoma City. The goods and merchandise were shipped on various dates from points outside of the State of Oklahoma, commencing in December, 1946, and ending in June, 1947. Separate invoices disclosed dates of shipment, invoice numbers and amounts due. The aggregate sum due was $73,517.60, less certain adjustments made in the sum of $1,066.33, leaving a net sum due the Syndicate of $72,451.27.

The Syndicate, under the mistaken view that the Oklahoma sales tax was inapplicable to the transaction, did not bill the Investments Corporation with the 2% sales tax which on the adjusted account equaled the sum of $1,449.02.

The Oklahoma Tax Commission, after an audit of the Syndicate's books, advised it that the Oklahoma sales tax was applicable to the transaction and insisted that the tax be paid.

On September 22, 1949, the Syndicate billed the Investments Corporation for the sum of $1,449.02 representing the sales tax which it had theretofore paid to the Oklahoma Tax Commission. The Investments Corporation refused to reimburse the Syndicate for the tax, and the present suit was filed to enforce its collection.

The Investments Corporation in its answer admitted its obligation to the Syndicate for the 2% sales tax covering the transaction referred to in the petition, but asserted that some of the merchandise purchased was defective and there was a breach of an implied warranty of fitness. By counterclaim it prayed that its claim in the sum of $2,051.10 be offset against the tax claim, and that it have a judgment over and against the Syndicate for the difference.

The trial court sustained the Syndicate's motion to strike the allegations with reference to the counterclaim. Upon final hearing the Syndicate recovered a judgment for the amount of the sales tax prayed for in the sum of $1,449.02.

The sole question presented is whether in the instant case the Investments Corporation may invoke the provision of Title 12 O.S. 1951 §§272 and 273 in the nature of a counterclaim as against the sales tax sued upon. The second paragraph of §272 reads:

"A statement of any new matter constituting a defense, counterclaim or set-off, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition."

It will be observed that the quoted section expressly limits the counterclaim to a right to relief concerning the subject of the action.

Under §273, supra, the counterclaim referred to in §272 can only be asserted when the claim arises out of the contract or transaction pleaded in the petition as the foundation of the plaintiff's claim or connected with the subject of the action. What is the subject of the action or the foundation of plaintiff's claim as cast in the Syndicate's petition? The account for the goods purchased and sold had been closed by an adjustment entered into in June, 1947. Two years and three months thereafter the Syndicate being advised that the sales tax was applicable to the transaction involved, billed the Investments Corporation for the tax based upon the adjusted account in the sum of $1,449.02. The subject of the action and the foundation of the claim was based upon the 2% sales tax, and not upon the sale and purchase of the merchandise, or upon any alleged balance due thereon. The reference to the respective dates, invoice numbers and amounts and sums due on each shipment of goods was furnished the Investments Corporation solely for the purpose of information as to the aggregate amounts upon which the tax was based.

Under Title 68 O.S. 1951 §1251f, the sales tax levy must be paid by the seller, although the tax under §1251i is an obligation of and must be paid by the consumer or user to the seller. Furthermore, the latter section imposes upon the seller a mandatory duty to collect the tax from the consumer in an action as for debt. This revenue and taxation statute makes the seller the agent of the state in the collection of its revenue. It is obvious that the only justiciable question to be examined by the court was whether the transaction was subject to the imposition of the tax, whether the seller had paid the tax to the Tax Commission, and whether the consumer, or user, had failed to reimburse the seller for the sums so paid.

I think the majority opinion has misconceived the nature of the action for the reason that the subject of the ac-

tion is not to recover the purchase price of the merchandise or of any balance due under the contract. The foundation of the claim asserted is not based upon the purchase and sale agreement, but, on the contrary, it is based upon the provisions of the statute compelling the seller to pay the tax directly to the Tax Commission with the right to be reimbursed by the person against whom the tax is imposed.

I am of the opinion that the trial court properly sustained the motion to strike the counterclaim.