Ainslie PERRAULT and Lewis Perrault, as individuals and as partners dba Perrault Brothers, Plaintiffs in Error,

v.

H. T. HOLLAND, Jr., Defendant in Error.

No. 38938.

Supreme Court of Oklahoma.

March 7, 1961.

Wheeler, Wheeler & Wheeler, Tulsa, for plaintiffs in error.

Gable Gotwals & Hays, Raynolds & Hastain, Tulsa, for defendant in error.

BERRY, Justice.

This is the third appeal in this case. The first appeal is reported in 311 P.2d 795 and the second in 312 P.2d 976.

The litigation which resulted in all of the appeals grew out of a contract under date of December 19, 1950, between plaintiffs in error, Ainslie Perrault and Lewis Perrault, hereafter referred to as "Perraults", and defendant in error, H. T. Holland, Jr., hereafter referred to as "Holland".

In so far as material to the issues presented by the instant appeal, it was provided in the referred-to contract that Holland would sell to the Perraults all of his stock interest (250 shares) in the Oklahoma Glass Fiber Corporation, hereafter referred to as "OG", in consideration of $45,000 upon delivery of the stock; payment to Holland of certain amounts owing to him by OG and an agreement on the Perraults' part that OG would enter into a contract with Holland by the terms of which Holland would be paid by OG a minimum salary of $15,000 per year for twenty years. OG was not a party to the contract.

The provisions of the contract were initially complied with. As a result of said compliance, and the matter of the Perraults obtaining another person's OG stock, the

Perraults acquired controlling interest in OG and subsequently became directors of the corporation. The contract of employment contemplated by the contract was under date of December 29, 1950. The provisions of this contract are summarized in our first decision (311 P.2d 795). The salary provided in the contract was only paid for two years.

As reflected by our first decision, Holland initially sought to recover actual and punitive damages from the Perraults on the grounds that (1) they allegedly fraudulently induced him to sell his stock to them and also (2) allegedly wrongfully interfered and prevented OG from performing its contract which related to Holland's salary. Prior to the first trial Holland dismissed his claim in so far as it related to the contract of employment and proceeded to trial on the remaining claim. Upon the trial court's directing a verdict in the Perraults' favor, Holland appealed. This Court affirmed (311 P.2d 795).

Following remand of the case to the trial court, Holland undertook to plead a cause of action for damages based upon the Perraults' alleged wrongful interference with the contract of employment. The Perraults asserted the judgment in the first case as a bar to said action. This plea was in effect sustained by the trial court sustaining the Perraults' motion for judgment on the pleading. Holland perfected an appeal. This Court held on said appeal (312 P.2d 976) that Holland's action was not barred by the prior judgment and the case was remanded for further proceedings.

Following remand of the case, the Perraults filed an amended answer and cross-petition. In so far as material, the Perraults in said amended pleadings pleaded that they entered into the contract as the result of false and fraudulent misrepresentations on the part of Holland as to the cost of producing the principal item manufactured by OG; that Holland stated that said item could be manufactured at a cost substantially less than the actual cost of manufacturing same; that the cost of manufacturing the item was such that a profit could not be made on sale of the item in a competitive market and for said reason OG could not be operated at a profit; that deceit, misrepresentation and fraud on Holland's part in said particulars and in other particulars served to void the contracts in controversy; that as a result of said acts on Holland's part they were damaged in a stated amount which is in excess of the amount that Holland seeks to recover from the Perraults.

Holland filed a motion to strike and a demurrer to the amended cross-petition, which motion and demurrer were subsequently sustained and the cross-petition was dismissed. The Perraults subsequently perfected this appeal.

The parties agree that the appealed-from order was based on the proposition that the cause of action pleaded in the Perraults' cross-petition was neither based on the contract or transaction upon which Holland bases his cause of action nor was it connected with the subject of Holland's action.

It is provided in part in 12 O.S.1951 § 272, that a "defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have."

In so far as pertinent, a counterclaim is defined in 12 O.S.1951 § 273, as follows:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action  *  *"

The object of the cited statutes was that in keeping with the spirit of our Code of Procedure all controversies concerning a particular subject matter should be determined in one proceeding, thus avoiding a multiplicity of law suits. Lamb v. Alexander et al., 74 Okl. 250, 179 P. 587, and 47 Am.Jur. "Setoff and Counterclaim",

Sec. 44, p. 742. The statutes are remedial and as such are liberally construed.

If the parties to the contract of December 19th and of December 29th were the same, it would be clear that the contracts would be construed as one. See 15 O.S.1951 § 158; Phillips Petroleum Co. v. Widick, 175 Okl. 376, 52 P.2d 773, and Davis v. Hastings, Okl., 261 P.2d 193. And if there were in fact but one contract, the Perraults, under the statute, would unquestionably be privileged to maintain the counterclaim asserted in their cross-petition. It is here, however, unnecessary to determine whether there was in fact more than one contract. The counterclaim is maintainable if it arose out of the transaction set forth in Holland's petition. See Wyman v. Herard, 9 Okl. 35, 59 P. 1009; Fort Worth Lead & Zinc Co. v. Robinson et al., 89 Okl. 221, 215 P. 205; and Selected Investments Corp. v. International Trading Syndicate, 207 Okl. 523, 251 P.2d 502.

We are of the opinion that the counterclaim arose out of the transaction upon which Holland bases his instant cause of action.

The transaction in controversy involved a transfer of Holland's OG stock to the Perraults for an agreed consideration. Holland here in effect asserts a partial failure of the consideration that it was agreed that he should receive because of said transaction, which failure he asserts was occasioned by the Perraults wrongfully preventing or interfering with OG's compliance with the salary phase of the transaction. The Perraults in turn, in effect, assert that there was a total failure of consideration, which failure they allege resulted from deceit and fraud on Holland's part. So we find Holland asserting that he was damaged because agreements which grew out of the transaction were not complied with and the Perraults asserting that they were damaged because Holland's alleged fraud in the transaction was such as to void the entire transaction. The fact that Holland's cause to complain arose after 1950 and the Perraults' cause of complaint arose because of allegedly fraudulent misrepresentations made by Holland in 1950, does not persuade us that the complaint of each party did not in fact arise out of the transaction which involved the sale and purchase of Holland's stock in OG.

The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings in keeping with this opinion.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON, JACKSON and IRWIN, JJ., concur.

DAVISON and HALLEY, JJ., dissent.