C. O. BRITTON and Marie K. Britton,
Plaintiffs in Error,

v.

W. Barton GROOM, dba Siloam Springs Lumber Company, Defendant in Error.

No. 39723.

Supreme Court of Oklahoma.

July 24, 1962.

Powell Woods, Siloam Springs, Ark., Lawrence T. Spray, Stilwell, Bonds & Matthews, Muskogee, for plaintiffs in error.

Russell Elrod, Siloam Springs, Ark., Lloyd E. Cole, Jr., Stilwell, for defendant in error.

BERRY, Justice.

The parties, who appear here in reverse order to their appearance in the trial court, will be referred to herein as they appeared in said court.

In so far as material, plaintiff alleged in his petition filed below that he was engaged in the business of selling building material and supplies; that between March 21, 1957, and December 6, 1957, he, at the request of George Welch and wife, who were also defendants below, "and by and with the consent and knowledge of" defendants, furnished building materials of the value of $1,253.41; that an itemized statement of the materials furnished was attached; that there was owing on the account $1,016.95; that the materials were furnished for use in constructing a Grade A dairy barn upon real estate owned by defendants but which ownership was subject to defendants' agreement to sell same to George Welch and wife; that after the materials were furnished and used, the latter quit-claimed their interest in the real estate to defendants; that "by reason of the knowledge and consent of the defendants * * * for the purchase and use of the building materials in the construction of" the barn, plaintiff was entitled to judgment in the amount of $1,016.95 as to all defendants.

The first pleading filed by defendants was a demurrer to the petition. They next filed a pleading thereto in which a demurrer, a motion to strike and a motion to make more definite and certain were incorporated. The mentioned pleadings were considered at the same time. Thereafter an order was entered overruling the demurrer and the motion to strike but sustaining the motion to make more definite and certain in that plaintiff was required to plead whether defendants alleged "knowledge and consent" was oral or in writing. Plaintiff amended the petition by interlining the word "oral" before the word "consent" as used in the petition. Defendants excepted to the adverse portion of the order.

Defendants subsequently filed an answer wherein they again demurred to the allegations of the petition. As an affirmative defense they pleaded that "there was never any contract or relationship between these answering defendants and the plaintiff in the sale and delivery or the furnishing of said material to their co-defendants, George Welch and Fayenell Welch, and the petition does not allege that said materials were furnished at the request of these answering defendants and that these answering de-

fendants ever agreed to pay for the same, or that the same was ever charged to them, and the defendants specifically deny that they ever agreed to pay the plaintiff for said materials, or that the same was ever charged to them on the books of the plaintiff."

George Welch and wife thereafter filed an answer in which they admitted the material allegations of plaintiff's petition as amended but pleaded that on September 3, 1958, they and defendants entered into a written contract by the terms of which, defendants, for a valuable consideration, agreed to assume and pay the balance due on the account which forms the basis of plaintiff's action; that for said reason they (the Welchs) "are entitled to be discharged from the obligation to pay for the materials furnished by the plaintiff."

At the conclusion of plaintiff's case in chief, defendants demurred to plaintiff's evidence, which demurrer was overruled. After defendants had introduced their evidence and all parties had rested, defendants renewed their demurrer to plaintiff's evidence and moved for a directed verdict, which demurrer and motion were overruled.

The jury to whom the case was tried returned a verdict in plaintiff's favor as to defendants in the amount of $1,016.95, together with interest at 6% from June 18, 1958. From order denying defendants' motion for new trial which was directed to judgment on the verdict, defendants perfected this appeal.

■ We note that no mention was made of George Welch or his wife in the verdict or in the judgment. Thusly it appears that the case as to George Welch and wife remains undecided and undisposed of. See 12 O.S.1961 § 587, and 89 C.J.S. Trial § 500, at p. 166.

For reversal, the defendants contend that "(1) the plaintiff failed to state a cause of action against the defendants, Britton, in his petition; (2) that the contract between the defendants, Welch and defendants, Britton, was inadmissible in evidence; (3) that the court failed to properly instruct upon the issues of the case; (4) that the debt sued upon by the plaintiff was extinguished by payment from the defendant, Welch; (5) that the defendant, Britton, was denied a fair trial because the attorney for the plaintiff also represented the defendant Welch." We will consider defendants' contentions in the order stated.

■ It is settled law in this jurisdiction that where there is no privity of contract between a materialman and an owner, the materialman is not entitled to a personal judgment against the owner. See Seran v. Rose et al., 93 Okl. 192, 219 P. 940, and cited cases.

■ The allegations of plaintiff's petition to the effect that defendants "consented" to or had "knowledge" of the matter of plaintiff's furnishing material for construction of the barn upon defendants' land were insufficient to show that defendants agreed or promised to pay for the material. The allegations of the petition therefore failed to show as to plaintiff and defendants privity of contract. It follows that the trial court erred in overruling defendants' demurrer if same was considered as having been directed to the petition as amended. On this score, the record does not show that the trial court ruled on the demurrer incorporated in defendants' answer or that the prior demurrers were considered as having been directed to the petition as amended. Therefore, defendants are not in a position to urge their first contention.

As to defendants' second contention—they point out that as to them the cause of action pleaded by plaintiff was based upon defendants' allegedly oral consent to the matter of plaintiff furnishing the material to the Welchs and the latters' use of same in building a barn upon defendants' land; that for said reason the matter of whether defendants had agreed in writing to satisfy the Welchs' obligation to plaintiff was without the scope of the pleading and for said reason the trial court erred in permitting the plaintiff, over their objection, to introduce in evidence the contract of September 3, 1958, a copy of which was attached to the Welchs' answer.

The record tends to show that in denying defendants' mentioned objection, the trial court considered that the allegations of plaintiff's petition as to consent on defendants' part to plaintiff's furnishing the material was broad enough to permit plaintiff to rely upon that portion of the contract to the general effect that defendants agreed to pay the Welchs' obligation to plaintiff. For reasons hereinafter given, we are of the opinion that it is unnecessary to reach a decision on whether this constituted reversible error.

As heretofore indicated, defendants and the Welchs entered into a contract by the terms of which the former agreed to sell the latter the land upon which the barn was constructed. A copy of this contract was not introduced in evidence. The testimony and the phrasing of the September 3, 1958, contract develops that defendants owned a 350-acre farm, some dairy cattle and farm machinery. This was the farm upon which the barn was built. Welch owned a 14-acre farm, two Grade A milk routes and two trucks used in connection with said routes. Defendants agreed to exchange their farm, dairy cattle and farm implements for the Welchs' 14-acre farm, one truck, one milk route and the Welchs' agreement to pay defendants approximately $11,-391.54, together with interest at 6%, which was payable at the rate of $150.00 a month. Thereafter, without the knowledge or consent of defendants, the Welchs purchased from plaintiff the material that was used in constructing the barn.

Approximately a year after the above-mentioned contract was entered into, the Welchs made known that they were unable to comply with the provisions of same. It was then that the contract of September 3, 1958, was entered into. By the terms of this contract the Welchs agreed that they had no claim to the 350-acre farm; that they would promptly deliver possession of same to defendants; that they made no claim to the 14-acre tract of land; that the dairy route and truck transferred by the Welchs to defendants would be transferred to the Welchs; that the Welchs would pay defendants $6,000.00, together with interest at the rate of 6% per annum, which obligation was payable at the rate of $250.00 per month; that defendants would "pay balance owed on dairy barn". The $6,000.00 obligation was evidenced by a promissory note. It was stated in the contract that same "superseded all other contracts, both written and oral, heretofore made between the parties" relative to matter referred to in the contract.

It appears that the 14-acre farm and the truck were mortgaged and that prior to the last-mentioned contract being entered into, defendants satisfied all or part of the mortgage indebtedness.

The evidence shows that upon the Welchs failing to make the monthly payments provided in the September 3, 1958, contract and promissory note, it was agreed between them and defendants that in consideration of the Welchs transferring the milk routes and trucks to defendants, the obligation evidenced by the promissory note would be considered as satisfied. Defendants contend that it was further agreed that they should be relieved of their promise to pay the account owing plaintiff. The Welchs contend to the contrary. The respective contentions are supported by competent evidence.

██ For reasons stated, it is apparent that if plaintiff had a cause of action against defendants it arose solely from defendants' written agreement to pay the Welchs' obligation to plaintiff. If defendants and the Welchs agreed upon the last contract being entered into that defendants were relieved of their promise to pay the Welchs' indebtedness to plaintiff, therefore, if the rescission of the September 3, 1958, contract extended to and covered said promise, plaintiff is not in a position to rely upon the promise, and the Welchs alone owe the indebtedness. In Commonwealth Cotton Oil Co. et al. v. Lester, 156 Okl. 93, 9 P.2d 738, 743, it was pointed out that one who seeks to take advantage of a contract made for his benefit must take it subject to all legal defenses

arising out of the contract, such as the non-performance of conditions that formed a consideration for the promise. For other authority see 17 C.J.S. Contracts § 529, p. 1152 and 12 Am.Jur. "Contracts", Sec. 289, p. 842.

■ In referring to the rights of a third person to enforce a contract for his benefit, it is stated in the last cited authority that "it must be a valid agreement between the parties to enable a third person, for whose benefit the promise is made, to sue upon it. His rights depend upon, and are measured by, the terms of the contract. The right of a third person for whose benefit a promise is made is affected with all the infirmities of the contract as between the parties to the agreement. Unless the third person has been induced to alter his position by relying in good faith upon the contract made for his benefit or unless a novation has been effected, the promisor may set up any defense or equity against him which he could have set up as against the promisee."

We note that the materials were furnished and used long before defendants promised to pay and that plaintiff does not contend that he either accepted or relied upon the promise prior to the time that defendants say that they and the Welchs agreed to abrogation of the promise.

■ For reasons stated the sole issue presented by the evidence was whether the promise upon which plaintiff here relies, was abrogated and rescinded by the Welchs and defendants. If abrogated, the Welchs and not defendants are indebted to plaintiff. Otherwise, plaintiff has a cause of action against defendants based upon their promise to pay the obligation. The issue being as stated, the trial court was under a duty to instruct the jury on the law relating to said issue. This was not done. Therefore, reversible error resulted. In Vogel v. Rushing, 202 Okl. 277, 212 P.2d 665, 667, this was said:

> "(1, 2) We have held in many cases that it is the duty of the trial court on its own motion to properly instruct the jury upon the decisive issues made by the pleadings and evidence introduced at the trial, and a failure to do so constitutes fundamental error, and this error of the court will be reviewed even though exceptions were not taken to the court's action. (citing cases)"

We are of the opinion that defendants' third contention is well taken.

■ As to defendants' remaining contentions, we are of the opinion that the instructions which they requested did not bear upon the issue presented by the evidence and that for said reason the trial court did not err in refusing to give same. We are of the further opinion that the evidence does not show payment of the account. Defendants' contention as to payment is based upon the proposition that the Welchs and plaintiff obtained a loan, evidenced by a promissory note, from a bank; that the proceeds of the loan were sufficient to pay the Welchs' indebtedness to plaintiff and that plaintiff retained the proceeds. The evidence shows that plaintiff was in fact Welchs' surety; that the Welchs didn't pay the bank; that plaintiff was compelled to pay; that the Welchs and plaintiff did not consider that the loan transaction served to satisfy the obligation in controversy if the Welchs failed to pay the bank. As to defendants' remaining contention, the evidence shows that while plaintiff's attorney in the instant case prepared and caused the Welchs' answer to be filed, he did not represent the Welchs at the trial. Defendants have not cited authority tending to show that such action prevented them from having a fair trial.

Reversed and remanded for new trial.

BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, C. J., and WELCH, J., concur in result.

HALLEY, J., dissents.